*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JASON ROBERT GREEN, | ) | |
| | ) | Supreme Court No. S-15382 |
| Appellant, | ) | |
| | ) | Superior Court No. 3VA-13-00035 CI |
| v. | ) | |
| | ) | O P I N I O N |
| COURTNEY NICKOLE PARKS, | ) | |
| | ) | No. 6971 - November 28, 2014 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Valdez, Daniel Schally, Judge pro tem.

Appearances: Jason R. Green, pro se, Valdez, Appellant. No appearance by Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.     INTRODUCTION

Jason Green and Courtney Parks disputed custody of their infant daughter. The superior court awarded joint legal custody but gave Courtney primary physical custody and the "final say" if the parties could not agree on issues of their child's welfare. Jason appeals the court's award of custody, a condition that he not consume any alcohol before or during visitation, and the order that he pay all visitation-related travel expenses. We affirm the custody award and the allocation of visitation expenses, but we

remand for reconsideration of whether the evidence supports the no-alcohol condition on Jason's visitation.

## II.    FACTS AND PROCEEDINGS

Jason Green and Courtney Parks had a daughter in March 2013. Each parent filed a complaint for custody.[1] Shortly thereafter, without prior notice to Jason, Courtney moved to Florida with the child.

The superior court held an evidentiary hearing in October 2013. Courtney presented evidence that Jason was controlling and emotionally abusive. Jason presented evidence that Courtney was not allowing his mother, who also lived in Florida, to have reasonable access to their daughter.

At the end of the hearing the superior court made oral findings. It found that the presumption in favor of joint legal custody had not been overcome, but that due to the parents' serious difficulties in communicating, Courtney would have the final say in decisions about their daughter's well-being if the parties could not otherwise agree. The court also found that Jason's behavior toward Courtney did not rise to the level of domestic violence, but that it was controlling and demeaning and was relevant to the custody determination in the context of Jason's ability to provide for the child's emotional and mental needs. It found that Courtney was "defensive" toward Jason and his mother, which interfered with her ability to encourage a close relationship between Jason and their daughter. But the court concluded that the child had been living in a stable environment with Courtney, Courtney had been able to meet her needs, and no other factors weighed against awarding Courtney custody. The court consequently ordered that Courtney retain primary physical custody.

---

[1]    Courtney withdrew her complaint a day after filing it.

The court's subsequent written visitation order granted Jason approximately 15 days of visitation in Florida each year until their daughter is old enough to travel more often. Among other provisions, the order restricted Jason's use of alcohol during and immediately preceding his visits. The written child support order, entered concurrently, contains another provision relevant to this appeal: that "Father will pay all travel expenses relating to visitation."

Jason appeals.

## III.   STANDARDS OF REVIEW

"The superior court has broad discretion in its determinations of child custody."[2] "We will not set aside the superior court's child custody determination unless its factual findings are clearly erroneous or it abused its discretion."[3] "A finding is clearly erroneous when our 'review of the entire record leaves us with a definite and firm conviction that a mistake has been made.' "[4] We grant particular deference to the trial court's factual findings when they are based "primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence."[5] In a child custody case, we find abuse of discretion "if the trial court

---

[2]     *Limeres v. Limeres*, 320 P.3d 291, 295-96 (Alaska 2014) (citing *Cusack v. Cusack*, 202 P.3d 1156, 1158 (Alaska 2009)).

[3]     *Id.* at 296 (citing *Cusak,* 202 P.3d at 1159).

[4]     *Id.* (quoting *Millette v. Millette*, 177 P.3d 258, 261 (Alaska 2008)).

[5]     *Id.* (quoting *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011)) (internal quotation marks omitted) .

considered improper factors or improperly weighed certain factors in making its determination."[6]

Child support awards and the allocation of travel expenses are reviewed for abuse of discretion.[7]

## IV. DISCUSSION

Jason makes three arguments on appeal: that the court erred (1) in its weighing of the statutory best interest factors in the determination of custody; (2) when it prohibited Jason from consuming alcohol before or during his visits with his daughter; and (3) when it ordered Jason to pay all travel expenses relating to visitation.

### A. The Court Did Not Abuse Its Discretion In Awarding Primary Physical Custody To Courtney.

Jason argues that the superior court failed to comply with AS 25.24.150(c) in making its custody determination, pointing to two factors he believes were given inadequate weight. First, he argues that the court "did not consider that [Courtney] had moved between four homes in the six months preceding final judgment as a factor in [AS] 25.24.150(c)(5)."[8] But Jason presented no evidence of this at trial, whereas Courtney testified that at the time of trial she and her daughter were living with Courtney's father and stepmother, who assisted with childcare when she was at work or in class. The court found that Courtney and her daughter had been living in a stable environment, and that though Jason could also provide a stable home in Alaska, it was not in the child's best interests to leave her current stable environment. This finding is

---

[6]     *Id.* (citing *Cusack*, 202 P.3d at 1158).

[7]     *Ronny M. v. Nanette H.*, 303 P.3d 392, 399-400 (Alaska 2013).

[8]     Subsection (c)(5) requires consideration of "the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity."

not clearly erroneous given the evidence, and the superior court did not abuse its discretion in concluding that it favored Courtney.

Second, Jason contends that the superior court failed to consider Courtney's unannounced move to Florida with their daughter as evidence of her unwillingness to "facilitate and encourage a close and continuing relationship between the other parent and the child" under AS 25.24.150(c)(6). But the superior court did consider this factor, and in fact identified it as one of the most relevant factors in the case.[9] Although the superior court found, as Jason argues, that Courtney left Alaska without giving him any forewarning, the court also found that she had good reasons to leave: her emotionally unhealthy relationship with Jason in Alaska, and her family and school in Florida. The court also found that Courtney's reluctance to allow Jason's family to spend time with their daughter was understandable to a certain extent, given Courtney's difficult relationship with Jason; but it did cause the court to question whether Courtney would be able to foster a close relationship between Jason and the child. Ultimately, however, the court found that Jason's controlling behavior was "a strike against" awarding him custody because it demonstrated that he was not able to fully provide for their daughter's social and mental needs under AS 25.24.150(c)(2).[10] The superior court carefully

---

[9]     The superior court did not address all the statutory best interest factors, but it was not required to do so. The court's findings must simply give "a clear indication of the factors . . . the superior court considered important in exercising its discretion or allow us to glean from the record what considerations were involved." *Ronny M.*, 303 P.3d at 402 (quoting *Chesser v. Chesser-Witmer*, 178 P.3d 1154, 1158 (Alaska 2008)). The court's oral findings here are sufficient.

[10]     Subsection (c)(2) requires consideration of "the capability and desire of each parent to meet" the child's physical, emotional, mental, religious, and social needs.

weighed these two relevant factors and concluded that the balance slightly favored Courtney. This was not an abuse of discretion.

B. **Support For The Restriction On Jason's Consumption Of Alcohol Is Not Evident In The Record.**

In its visitation order the superior court ordered that Jason not consume alcohol during his visits with his daughter or in the eight hours immediately preceding them. Jason argues that this restriction is "without any substantial evidence regarding an issue of alcohol abuse or dependency" and that it places "an unfounded negative stigma upon" him which "could be detrimental" to his career in the United States Coast Guard.

In *Mariscal v. Watkins*, we held that "[p]rovisions of a custody award must be supported by findings of fact demonstrating that the superior court properly considered the best interests of the child."[11] Without evidence of how a parent's behavior affects the parent's relationship with the child, we have "cautioned trial courts against reference to such [behavioral] factors '[t]o avoid even the suggestion that a custody award stems from a life style conflict between a trial judge and a parent.' "[12] Relying on these principles, in *Mariscal* we vacated the conditions in the custody order that prohibited the parent from consuming alcohol while the child was in the parent's custody, driving with the child within 12 hours of consuming any alcohol, and exposing the child to "inappropriate sexual behavior."[13] We noted that the superior court had made no factual findings about the parent's sexual conduct and had made specific

---

[11] 914 P.2d 219, 222 (Alaska 1996).

[12] *Id.* (quoting *Craig v. McBride*, 639 P.2d 303, 306 (Alaska 1982)) (alteration in original).

[13] *Id.*

findings that there was no evidence of alcohol abuse; the challenged conditions therefore did not appear to be "related to [the child's] best interests."[14]  We concluded that imposing the conditions in the absence of a supporting factual record was an abuse of discretion.[15]

The same principles apply to the visitation order now under review.  There was no evidence that Jason's alcohol use "directly affects the emotional or physical well-being of"[16] his child, and the court made no specific findings on the subject.  Remand is therefore appropriate so the superior court can either vacate the challenged condition or make additional findings to support it.

## C.  The Court Did Not Err In Ordering Jason To Pay Visitation Expenses.

Jason argues that the court "placed an undue hardship" on him by requiring him to pay all travel expenses for visitation, when it was Courtney's choice to leave Alaska, forcing him to travel to see his daughter.  Alaska Civil Rule 90.3(g) requires the court to "allocate reasonable travel expenses which are necessary to exercise visitation between the parties as may be just and proper for them to contribute."  Although the court did not explain its allocation, there is support in the record for the requirement that Jason pay all visitation expenses.   As a Coast Guardsman he has an adjusted annual income of approximately $56,000, whereas Courtney has no reported income at all.

---

[14]    *Id.*

[15]    *Id.*

[16]    AS 25.24.150(c)(8).

Under the circumstances, it was not an abuse of discretion to allocate all visitation costs to Jason.[17]

## V.    CONCLUSION

We REMAND for the superior court to reconsider the alcohol-related condition in the visitation order in accordance with this opinion. We otherwise AFFIRM the superior court's custody, visitation, and child support orders.

---

[17]    *Compare Kristina B. v. Edward B.*, 329 P.3d 202, 213 (Alaska 2014) (upholding the superior court's unexplained allocation of all visitation expenses to the mother where there was evidence the mother had "exaggerated the cost of her travel and that the true monthly cost of the visits was less than $40," and where the mother had "missed a number of visits without prior notice, causing [the father] to incur the cost and inconvenience of driving the child to the pickup point"), *with Ronny M. v. Nanette H.*, 303 P.3d 392, 407 (Alaska 2013) (finding an abuse of discretion in allocating all visitation expenses to the father where the mother earned "significantly more," "she ha[d] the potential to earn additional income," and she had access to the children's Permanent Fund Dividends).